THE PEOPLE OF PORTO RICO v. REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 13.—Decided January 25, 1905.

RECORD OF TITLE—PREVIOUS RECORD OF THE RIGHT OF THE VENDOR—LIABILITY OF REGISTRARS.—In order to record or enter a record of title whereby the ownership or possession of real property or property rights is transferred or encumbered, the right of the person executing the same or in whose name the transfer or encumbrance is made must first appear of record, and registrars will refuse to record such instruments until this requisite shall have been complied with, they being directly responsible for any damage caused by a violation of this provision.

ID.—CERTIFICATES OF SALE ISSUED BY COLLECTORS OF INTERNAL REVENUE.—The foregoing doctrine, which is a principle established by article 20 of the Mortgage Law, cannot be considered to have been repealed by sections 351 and 352 of the Political Code, as the provisions of these two sections are

entirely compatible with the former; it being understood that the registrars will record certificates of sale issued by collectors, but always subject to the provisions or the Mortgage Law which provide for the cases and the manner in which such records shall be made.

ID.—DEFECTS CAPABLE OF CORRECTION.—Although according to section 2 of the act providing for appeals from decisions of registrars of property of March 1, 1902, registrars will not suspend by reason of defects capable of correction the inscription, entry or cancellation of any instrument; this provision must be understood to be applicable only to instruments which contain some curable defect arising from the instruments themselves and not those which cannot be recorded by reason of obstacles existing in the registry itself.

ID.—WANT OF PREVIOUS RECORD OF THE RIGHT OF THE PARTY MAKING CONVEYANCE.—The fact that the property encumbered or alienated has not been previously recorded in favor of the person so alienating or encumbering the same, is a defect existing in the registry itself, and although it is capable of correction, so long as it continues to exist it absolutely prevents admission to record, registrars being held strictly responsible therefor.

## STATEMENT OF THE CASE.

A hearing was had of the appeal taken on behalf of The People of Porto Rico from a decision of the Registrar of Property of Ponce refusing to record in favor of The People of Porto Rico three lots which had been sold at auction to pay taxes.

The collector of internal revenues of that city instituted compulsory proceedings against Mariano Colón, Martín Vargas and Rafael Bermejo to recover arrears in taxes, the result being the attachment of three lots situated in said city of Ponce, which were offered at public sale and afterwards adjudicated to The People of Porto Rico on account of the fact that no bidders appeared, in payment of the taxes in arrears, the sur-taxes and the costs; and upon presentation to the registrar of property of the certificates of purchase issued by the collector of internal revenues for record in the name of The People of Porto Rico, such record was refused by the registrar on the ground that the ownership of the lots sold did not appear of record either in the name of the debtors or in the name of any other person, according to a memorandum decision entered at the foot of each of the said certificates of purchase.

The refusal of the registrar was reported to the collector of internal revenues of Ponce, who did not concur in this action and so informed the registrar of property, whereupon the latter forwarded a statement of the case together with such reasons as he considered proper in support of his action, in writing, to the Supreme Court for its decision. The *fiscal* of this court filed a brief opposing on appeal the grounds alleged by the registrar in support of his action, and petitioned the court to reverse the decision of the registrar and to direct him to record the three certificates of purchase which constitute the subject matter of this appeal, in the name of The People of Porto Rico.

*Mr. Rossy, Fiscal,* for appellant.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the following opinion of the court:

It is a fundamental principle of the Mortgage Law, set forth in article 20 thereof, that "to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded. Registrars shall refuse to record said instruments as long as this requisite has not been complied with, being directly responsible for the damage they may cause third parties by the violation of this provision."

These provisions of the Mortgage Law cannot be held to have been repealed by sections 351 and 352 of the Political Code of this Island, as asserted by counsel for The People of Porto Rico, because while said sections provide that the registrar shall record the certificates of purchase to which they make reference, they do not contain any provision expressly repealing, or in contradiction of, or in conflict with, the aforesaid article of the Mortgage Law, and consequently they must be construed to the effect that the registrar shall record the certificates of purchase issued by collectors, but

subject to the provisions of the Mortgage Law which determine the cases and the manner in which such records are to be made. Articles 7 and 8 of the Political Code also provide that the Government of Porto Rico may acquire property for taxes, or the title to property of any kind for public use, but always in the cases and in the manner prescribed by the laws.

Nor can we, in support of the contention that the Registrar of Property of Ponce is obliged to record the certificates of purchase in question, apply section 4 of the law passed by the Legislative Assembly of this Island, approved March 1, 1902, in regard to appeals from decisions of registrars of property, providing that "registrars shall not suspend the inscription, record or cancellation of any instrument on account of defects susceptible of correction," because this provision being an exact reproduction of section 2 of General Order No. 99 of April 30, 1900, we may correctly apply to the case the principle laid down by this Supreme Court in its opinion of August 1, 1900 (1 P. R. Rep., 314), in the appeal taken by Santiago Hermanos from the decision of the Registrar of Property of Ponce refusing to record a mortgage deed on account of a similar defect; that is to say, that the estate encumbered did not appear recorded either in favor of the debtor or of any other person. It was held in this case that the defects susceptible of correction referred to in section 2 of the said general order, which should not thereafter be an obstacle to the inscription, record or cancellation of any instrument, were those contained in the instruments themselves presented to the registrar. This is borne out by the second paragraph of said section 2, which provides that registrars shall set forth in the record the defects contained in the instruments, but should make no mention of those originating in other causes derived from the same register, such as the absence of a previous record of the estate encumbered or conveyed in favor of the person making the transfer, or placing

the encumbrance thereon, which defect, although susceptible of correction, is an absolute bar to the inscription, as long as it is present, under the strictest liability of the registrars. The Supreme Court finds no cause to modify this principle in this case, because the same reasons which led it to render the decision in question are here present.

The decision of the registrar of property denying the record should be affirmed.

In view of the provisions of article 20 of the Mortgage Law and the opinion of this Supreme Court above cited, the memorandum decision entered by the Registrar of Property of Ponce at the foot of the certificates of purchase referred to in this appeal, denying the record thereof, is affirmed, and it is ordered that the record of the case be returned to him, together with a certified copy of this opinion, for his information and for the information of the other parties in interest, and for any other proper purposes.

Justices Hernández, Figueras, MacLeary and Wolf concurred.